UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL GEE, #452903,                    )
                              Petitioner,     )
                                              )        No. 1:18-cv-1375
-v-                                           )
                                              )        Honorable Paul L. Maloney
CONNIE HORTON,                                )
                              Respondent.     )
_____     )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Robert Gee filed a petition for habeas relief under 28 U.S.C. § 2254.  The magistrate judge issued a report recommending this Court deny the relief requested.  (ECF No. 8).  Gee filed objections.  (ECF No. 9.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Important to this Court's consideration of the issues raised, as noted by the magistrate judge, Gee has already litigated the very issues raised here in the state courts.  (R&R at 4 PageID.1218.)  The magistrate judge found, and Gee did not object to the finding, that Gee and trial counsel met more than a dozen times prior to trial.  (*Id.* at 14 PageID.1228.)  While

represented by counsel, Gee had a *Ginther* hearing following his trial where he presented the two issues raised here. After testimony from trial counsel and defendant, who disagreed about the scope of their pretrial discussions of the relevant issues, the trial court found that defendant had not met his burden. Gee then presented the two issues to the Michigan Court of Appeals. The trial court and the Michigan Court of Appeals both found that trial counsel's performance did not fall below the constitutional threshold.

The Court has reviewed the record de novo and wholly agrees with the conclusions in the report and recommendation. Gee's objections are overruled. This Court must accept the factual determinations made by the Michigan Court of Appeals. To the extent he presented evidence to the trial court, and that court did not agree with Gee, Gee has not presented clear and convincing evidence that the state courts' factual determinations were wrong. Gee has not demonstrated that the Michigan Court of Appeals relied on a rule of law that was contrary to clearly established federal law.

Even if Gee could establish cause (ineffective assistance of counsel), he has not established prejudice. Gee proclaims that the outcome would have been different, without addressing the weight of the evidence against him. As described by the Michigan Court of Appeals, there were four people in the car when the two rounds of shots occurred. Gee was one of the individuals. The other three individuals all testified at trial and all identified Gee as the shooter. Whether in front a judge or a jury, and regardless of whether Gee testified in his defense, the testimony of the three passengers was compelling evidence against Gee.

The Court **ADOPTS** the Report and Recommendation (ECF No. 8) as the Opinion of this Court.

3

Separate from consideration of the objections, the Court has reviewed the record for the purpose of determining whether to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court concludes reasonable jurists would not disagree with the manner in which this Court has resolved the issues. For both issues, the Michigan Court of Appeal's decision was not an unreasonable application of clearly established federal law. And, even if reasonable jurist might disagree about trial counsel's performance, reasonable jurist would not disagree that Gee has not demonstrated prejudice from counsel's performance. Therefore, the Court **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

Date:  June 11, 2020                                        /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge